**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**MICHAEL C. WITHERS,**
**Plaintiff,**

      **v.**

**Case No. 2:04-CV-1059**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Terence P. Kemp**

**BRIAN J. SHELINE, et al.,**
**Defendants.**

**OPINION AND ORDER**

This matter is before the Court for consideration of the Plaintiff's Motion for Appointment of Counsel (Doc. #17), the Plaintiff's Motion to Amend the Complaint (Doc. #22), the Defendants' Motion for Summary Judgment (Doc. #23) and the Plaintiff's Motion for Summary Judgment (Doc. # 26). For the reasons that follow, the Defendants' motion is granted, the Plaintiff's motion to amend the complaint is granted and the Plaintiff's remaining motions are denied.

**I.**

Plaintiff, Michael C. Withers ["Plaintiff"], who is currently incarcerated, brings this action challenging his arrest and the search of his home. Plaintiff names eight officers of the Columbus Division of Police as Defendants, specifically, Brian Sheline, Lisa McKissick, William Snyder, David Ramey, Debra Maynard, Brian Bishop, Dennis O'Brian and Sgt. Perrigo[1].

---

[1]Sgt. Perrigo died prior to this action being filed. There is no evidence of service of process on his estate.

Plaintiff also names the former Clerk of the Franklin County Municipal Court, Michael A. Pirik, as a Defendant.  While it is not clear from the face of Plaintiff's complaint, it appears that he challenges the arrest and search on Fourth Amendment grounds.  Thus, the Court has jurisdiction under 28 U.S.C. § 1331.

Plaintiff is proceeding without the assistance of counsel. Plaintiff's current incarceration is the result of a guilty plea in state court to one count of pandering obscenity to a minor, in violation of R.C. § 2907.322 and four counts of rape, in violation of R.C. § 2907.02.  Plaintiff and his wife were indicted following their arrest and the search of their home, both of which Plaintiff challenges in the instant action.  Defendant Brian Sheline, a Columbus police officer, avers that, on December 26, 2002, an unidentified male informed detectives of the Columbus Police Juvenile Bureau that he had a video containing alleged images of child pornography. (*Affidavit of Brian Sheline* at ¶ 2). The man informed police officers that he knew the adults pictured in the video and he provided information of their whereabouts to the police.  (*Id.*).

According to Defendant Sheline, Plaintiff and his wife had prior criminal histories and also had three children residing in their household.  (*Sheline Affidavit* at ¶ 3).  After reviewing the video, which showed an adult male and female engaging in various sexual acts with minors, Columbus police officers obtained arrest warrants for the Plaintiff and his wife.  (Exhibit A attached to *Sheline Affidavit*).   The following day, a Franklin County Municipal Court Judge issued a search warrant for the Plaintiff's home.  (*Sheline Affidavit* at ¶ 5).  The search was conducted, a return was filed, and Columbus police turned the premises over to the Columbus Metropolitan Housing Authority, the owner of the apartment.  (*Id.*).  Plaintiff entered a guilty plea in state court and was sentenced to thirty-four years in prison.  (Exhibit B attached to *Sheline*

*Affidavit*). Plaintiff had moved to suppress the evidence obtained in the search, but the motion was denied. (*Sheline Affidavit* at ¶ 6).

In his Complaint, Plaintiff asserts that the Defendants used "excessive force in the execution of what may be an illegal search warrant" on the Plaintiff's residence. (Doc. #3). Plaintiff claims that certain of his property is missing. Plaintiff further claims to have suffered a "devastating loss and damage of property" as a result of the search. (*Id.*). Plaintiff's tendered Amended Complaint presents no new allegations but changes the monetary amount sought in the prayer for relief. In his Motion for Summary Judgment, Plaintiff clarifies that he is challenging the search and arrest on Fourth Amendment grounds[2].

## II.

The procedure for considering whether summary judgment is appropriate, is found in Fed. R. Civ. P. 56(c); this section provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. Kress & Co.*, 398 U.S. 144, 158-59 (1970). Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

---

[2]Although the Fourth Amendment claim is not raised in the Complaint, the Court will consider it in view of the liberal interpretation of pleadings afforded to *pro se* litigants.

248 (1986). Summary judgment is appropriate however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also, Matsushita Electronic Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

The United States Court of Appeals for the Sixth Circuit has recognized that *Liberty Lobby, Celotex,* and *Matsushita* have effected "a decided change in summary judgment practice," ushering in a "new era" in summary judgments. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir. 1989). The court in *Street* identifies a number of important principles in new era summary judgment practice. For example, complex cases and cases involving state of mind issues are not necessarily inappropriate for summary judgment. *Id.* at 1479.

In addition, in responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Id.* (quoting *Liberty Lobby*, 477 U.S. at 257). The nonmoving party must adduce more than a mere scintilla of evidence in order to overcome the summary judgment motion. *Id.* It is not sufficient for the nonmoving party to merely "'show that there is some metaphysical doubt as to the material facts.'" *Id.* (quoting *Matsushita*, 475 U.S. at 586). Moreover, "[t]he trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Id.* That is, the nonmoving party has an affirmative duty to direct the Court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact.

4

## III.

As a preliminary matter, the Court will permit the amendment of Plaintiff's Complaint. As stated above, the Amended Complaint is identical to the original Complaint with the exception of the prayer for relief. As to Plaintiff's Motion to Appoint Counsel, the Court concludes that the request is without merit in light of the Court's ruling on the dispositive motions, addressed *infra*.

The Court construes Plaintiff's claim as an alleged constitutional violation pursuant to 42 U.S.C. § 1983. Plaintiff challenges the search of his home on Fourth Amendment grounds. The Fourth Amendment to the United States Constitution states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV.

In this case, Columbus police officers obtained arrest warrants and a search warrant from a judicial officer. The warrants were issued based on the Affidavit of Defendant Brian Sheline. (Exhibit A attached to *Sheline Affidavit*). Sheline's Affidavit states that he reviewed the videotape containing alleged child pornography; he had the tape in his possession; he reviewed the Plaintiff's criminal history and Ohio Bureau of Motor Vehicle record; and he consulted with Franklin County Childrens' Services and confirmed that three children lived in the home occupied by Plaintiff and Plaintiff's wife. (*Id.*). Based on his affidavit, the warrants were issued.

In his Motion for Summary Judgment, Plaintiff challenges Sheline's affidavit presented

to the state court judge. Plaintiff contends that Defendant Sheline did not possess the videotape prior to obtaining the warrants and that he did not verify Plaintiff's criminal history or contact Franklin County Childrens' Services prior to obtaining the warrants. Plaintiff offers no evidentiary support for these assertions. With respect to the videotape, Plaintiff cites to the date the tape was received in the property room after return of the search warrant, as purported evidence that Defendant Sheline did not have the tape prior to requesting the warrants. The date the tape was presented to the property room does not, however, contradict Sheline's sworn statement that he had the videotape and reviewed it prior to obtaining the arrest and search warrants. While an affidavit may be challenged on proof that it contains "deliberate falsehood or reckless disregard for the truth," that standard is not satisfied here. *United States v. Jenkins*, 728 F.2d 396, 397 (6th Cir. 1984). The Court finds no genuine issues of material fact to support the Plaintiff's challenge to the affidavit.

This Court concludes that, looking at the totality of the circumstances, as directed by the Supreme Court in *Illinois v. Gates*, 462 U.S. 213 (1983), the affidavit of Defendant Sheline contains sufficient information to establish probable cause for supporting the search and arrest warrants. Furthermore, since the arrest and search were executed with warrants premised on the existence of probable cause, the Defendants were entitled to rely on these warrants in carrying out their duties. Thus, the Court concludes that Plaintiff's Fourth Amendment challenge to the search and his arrest are without merit.

Finally, although it is unclear from Plaintiff's Complaint, to the extent he asserts state law claims against the Defendants, they are entitled to immunity under Ohio law, since they were acting within the scope of their duties and there is no evidence of any bad faith or malicious

purpose on their part[3].

In sum, the Court concludes that the Defendants are entitled to summary judgment. Concomitantly, Plaintiff's motion for summary judgment is denied.

## IV.

In light of the foregoing, Plaintiff's Motion for Appointment of Counsel (**Doc. #17**) is **DENIED;** Plaintiff's Motion to Amend the Complaint (**Doc. #22**) is **GRANTED**; the Defendants' Motion for Summary Judgment (**Doc. #23**) is **GRANTED**; and the Plaintiff's Motion for Summary Judgment (**Doc. # 26**) is **DENIED**.   The Clerk is **DIRECTED** to enter Judgment in favor of the Defendants and to close this case.

**IT IS SO ORDERED.**

3-27-2006
**DATE**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**

---

[3] R.C. § 2744.03(A)(6) provides:

 (A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:

(6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:
(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner . . . .

7